This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40041**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL DIRICKSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     Defendant appeals from his judgment and sentence, following a jury trial, for possession of a controlled substance and drug paraphernalia. [RP 115-23] On appeal, Defendant first contends that the district court erred in admitting Exhibit 1, identified as methamphetamine, because the State failed to adequately establish the chain of custody. [BIC 8] "Admission of evidence is within the [district] court's discretion and there is no abuse of that discretion when the evidence is shown by a preponderance of the evidence to be what it purports to be." *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896.

> In order to admit real or demonstrative evidence, the evidence must be identified either visually or by establishing custody of the object from the time of seizure to the time it is offered into evidence. The [s]tate is not required to establish the chain of custody in sufficient detail to exclude all possibility of tampering. Questions concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility.

*Id.* (citations omitted).

**{3}**     In the present case, two deputies and a state laboratory technician testified regarding the identity of the alleged methamphetamine. [BIC 2] The deputies, though not certified as drug experts, testified that based on their training and experience, the syringes they recovered from Defendant's pockets were used to inject controlled substances. [BIC 1-2] One deputy testified that the substance in the syringe that was not empty was amber colored and he recognized it as methamphetamine. [BIC 2] After the State showed the deputy his initial report, he testified that his recollection had been mistaken and that the police report was correct: the liquid he found in the syringe was clear. [BIC 2-3] The deputy testified that he disposed of the empty syringes and " 'downloaded' the liquid from the syringe to a glass container (which he sealed in another container and put in a paper bag)[.]" [BIC 3] The deputy testified that he "followed proper protocol in his handling of the evidence, that if the seal had been broken or there was a problem with the evidence, the lab would not have accepted the evidence, and that there was tape from the lab indicating that it was sealed at the lab[.]" [BIC 3]

**{4}**     The analyst who tested the substance did not testify; instead, a state laboratory technician testified as to "lab protocols and reviewed the raw data and concluded that the substance that was tested was methamphetamine." [BIC 4] The technician testified that "the lab *would* accept items with signs of tampering, but . . . that the person handling the item was supposed to take pictures and take note of the improperly sealed evidence[,]" and that "no notes indicat[ed] problems with the sample in this case[.]" [BIC 4] Defense counsel stipulated that the technician was an "expert in the identification of controlled substances[,]" and the technician "examine[d] Exhibit 1 and verif[ied] that, based upon the seals, it was the sample that was tested and that it was consistent with methamphetamine[.]" [BIC 4] Defendant argued below that he was entitled to a directed verdict and that the evidence was insufficient due to flaws in the chain of custody and issues with the identification of the substance. [BIC 5]

Noting that flaws in the chain of custody went to weight and not admissibility and reiterating how the seals and signatures were in order, the court denied the directed verdict motion and said it was up to the jury to determine whether chain of custody issues undermined the reliability of the evidence[.] [BIC 5]

{5}     The district court was correct in determining that any issues with the chain of custody of the alleged methamphetamine were a matter of weight for the jury rather an issue of admissibility. *See Peters*, 1997-NMCA-084, ¶ 26. To the extent that Defendant points to the deputy's initial recollection that the substance was a different color than he had described in the police report, to support his assertion that tampering could be inferred in this case, we note that he relies on largely out-of-jurisdiction authority that does not persuade us that the district court erred in admitting the evidence. We agree that under New Mexico law the reliability of the testimony was a matter for the jury. [BIC 9-12] *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). In the absence of any New Mexico authority to the contrary, and in light of the fact that the jury was free to weigh the testimony regarding chain of custody, we conclude that the district court did not abuse its discretion in admitting the exhibit of alleged methamphetamine.

{6}     Defendant next contends, based on the same arguments regarding chain of custody and identification of the methamphetamine, that insufficient evidence supported his conviction for possession of a controlled substance. [BIC 12-14] In reviewing the sufficiency of the evidence, we consider all the evidence admitted, even evidence that may have been wrongly admitted. *State v Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487.

{7}     "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661.

{8}     Because we concluded that testimony indicating that the substance found on Defendant was methamphetamine was evidence that was properly considered by the jury for its weight and because we do not reweigh evidence on appeal, Defendant has not demonstrated that the evidence was insufficient to support his conviction for

possession of methamphetamine. *See Salas*, 1999-NMCA-099, ¶ 13. Accordingly, we affirm Defendant's conviction.

**{9}** Defendant also challenges his conviction for possession of drug paraphernalia, based on the fact that the two empty syringes were not tested and were thrown away. [BIC 13-14] However, this argument is not otherwise developed or supported with authority, and the empty syringes were photographed and the photographs were admitted as evidence. [BIC 3; RP 73] We therefore conclude that Defendant has not demonstrated that insufficient evidence supported his conviction for possession of paraphernalia.

**{10}** Based on the foregoing, we affirm.

**{11} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**